| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, SS | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No |
| Robert Page<br><br>    Plaintiff<br><br>v.<br><br>Hartford Life and Accident Insurance Company<br><br>    Defendant | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Robert Page, for his Complaint against Defendant Hartford Life & Accident Insurance Company ("Hartford"), states as follows:

1. Mr. Page is an individual who, at times relevant to this Complaint, resided in East Millinocket, Maine, and who is or was a participant in group long-term disability benefit plan (the "Plan"), sponsored by his former union, USW Local #261 ("Sponsor").

2. Upon information and belief, the Plan is funded, in part, through a group insurance policy Hartford sold to the Sponsor (the "Policy").

3. Hartford is a foreign company that provides group insurance coverage to residences of Maine.

4. Hartford acts as the administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. Hartford, as the administrator and insurer of claims for disability benefits under the Plan, operated with a financial conflict of interest that permeated its decision-making process.

6.   Mr. Page brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

7.   This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the Defendants pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2).

### Claim for Relief

8.   The Plan provides that Hartford will provide long-term disability benefits to participants who are considered disabled.

9.   The Plan and Policy, in relevant part, as follows:

You are prevented from performing one or more of the Essential Duties of:
   1) Your Occupation during the Elimination Period;
   2) Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
   3) after that, Any Occupation.

10.   Mr. Page suffers from an extensive history of bilateral congenital hindfoot degeneration and osteoarthritis with symptoms of pain, stiffness and swelling that have prevented and continue to prevent his participation in any full or part time employment.

11.   Mr. Page stopped working on November 13, 2007 and filed a claim for long-term disability ("LTD") benefits.

12.   Mr. Page was approved and received LTD benefits through the own occupation period because he were unable to perform the duties of his occupation due to his unrelenting symptoms and impairment from his osteoarthritis.

13.   In 2010, the definition of total disability changed from own to any occupation, yet Hartford approved Mr. Page's claim and paid him benefits under the any occupation of definition until October 11, 2018.

14. Subsequently, Mr. Page applied and was approved for Social Security Disability Income benefits ("SSDI benefits").

15. On October 11, 2018, Hartford terminated Mr. Page's claim based upon Hartford's misunderstanding concerning Mr. Page's treating physician's opinions (David Wexler, MD).

16. Mr. Page timely appealed Hartford's denial.

17. On appeal, Mr. Page submitted a written statement from Dr. Wexler that clarified his opinions as follows:

> I am a licensed orthopaedic surgeon and, in this role, have treated Robert Page for many years. During this time I have met and spoken with Mr. Page many times. Further I have examined and performed multiple tests on Mr. Page.
>
> Mr. Page suffers from, inter alia, Congenital Bilateral Hindfoot deformities. Further, Mr. Page has required multiple operative procedures on both hindfeet including a right ankle fusion and a left subtalar fusion.
>
> Mr. Page's hindfeet cause him to experience severe and unrelenting pain. Because of this his quality of life is poor and his activity level is severely limited. While his hindfeet hinder his gait, it also impacts his ability to perform even sedentary work, concentrate, and maintain any sustained full or part time occupational functioning due to pain.
>
> Mr. Page's feet are constantly in pain, whether walking or sitting. When walking he needs to take intermittent breaks and avoid over doing it or he will be in excruciating pain for weeks. And although Mr. Page can sit continuously with frequent breaks, he must routinely adjust to an inclined position with his feet elevated to help relieve his pain.
>
> Based upon my extended relationship with and treatment of Mr. Page, it is my opinion that he is unable to work in even a sedentary capacity on a consistent full or part time capacity.
>
> I hope this clarifies any misconception regarding my opinion of Mr. Page's physical capabilities.

18. Despite the clarification, Hartford upheld its decisions but upon different grounds.

19. As of May 15, 2010 his LTD benefits were cut off despite the fact that Mr. Page was still disabled and unable to perform his prior occupation, or any other sedentary occupation, and the medical evidence submitted by Mr. Page establishes the same.

20. Mr. Page exhausted his administrative remedies.

21. Hartford's decision to the contrary is incorrect, arbitrary and capricious.

22. Further, Hartford failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation.

23. As a result of the foregoing, Mr. Page has suffered a loss in the form of unpaid benefits, among other things.

24. Mr. Page is entitled to a judgment against Hartford in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing Hartford to pay Mr. Page future benefits.

25. Mr. Page is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Robert Page, requests the Court grant him the following relief from Defendant:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. A judgment ordering Hartford to continue to pay Mr. Page long-term disability benefits for as long as he remains totally disabled under the Plan/Policy;

c. A judgment ordering Hartford to repay Mr. Page his costs and attorney's fees, under ERISA 502(g); and

4

      d.    All other relief to which he is entitled, including de novo review of the decision to deny the claim.

Dated: July 29, 2019

_____
Andrew S. Davis, Esq. (Bar No. 005733)
LAMBERT COFFIN
One Canal Plaza, Suite 400
Portland, Maine 04101
207.370.3010
adavis@lambertcoffin.com

5